IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST H. BROWN,<br>    Plaintiff, | :<br>:<br>: | |
| v. | : | CIVIL ACTION NO. 25-CV-5493 |
| HON. JOEL S. JOHNSON, *et al.*,<br>    Defendants. | :<br>:<br>: | |

MEMORANDUM

MARSTON, J.                                                                                                 November 10, 2025

Pro se Plaintiff Ernest H. Brown filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated in connection with an ongoing child custody proceeding in the Philadelphia Family Court. Brown seeks leave to proceed *in forma pauperis*. For the following reasons, leave to proceed *in forma pauperis* will be granted, and the Complaint will be dismissed.

I.     **FACTUAL ALLEGATIONS**[1]

Brown named the following Defendants in his Complaint: the Philadelphia Family Court ("PFC"), PFC Judge Joel S. Johnson, PFC Clerk Supervisor Marco Capone, Attorney Wendy Glazer, and Delores Terry, who he identifies as "the opposing party" in his child custody case.[2] (Doc. No. 2 at 1.) Judge Johnson, Supervisor Capone, and Attorney Glazer are named in their individual and official capacities. (*Id.*) Brown alleges that on September 8, 2025, Capone altered his "filings by scribbling over official court stamps, obstructing acceptance into the

---

[1] The factual allegations are taken from Brown's Complaint, which consists of three typewritten pages. (Doc. No. 2.) The Court considers the entirety of the submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system. The Court may also consider matters of public record when screening a Complaint under § 1915. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2] A review of the public record confirms Terry is the opposing party in the custody case, and also reveals that Glazer is the attorney of record for Terry. *Brown v. Terry*, Case No. 0C1900424 (Phila. Fam. Ct.).

record." (*Id*. at 2.)  He next claims that on September 15, 2025, Judge Johnson "issued a bench warrant without jurisdiction, as paternity had not been established and no lawful order entered."[3] (*Id*.)  Brown alleges that four days later, he "was unlawfully detained under the void warrant, then released after showing valid affidavits and motions." (*Id*.)

As for the remaining Defendants, Brown alleges that Attorney "Glazer acted in concert with [Judge] Johnson and [Supervisor] Capone to suppress [Brown's] objections and filings." (*Id*.)  And he claims that Terry "filed retaliatory reports after Family Court hearings, leading to false criminal charges and [his] unlawful detention." (*Id*.)  Terry also allegedly "violated custody orders, including on September 19, 2025, when police officers attempted to enforce [Brown's] custody rights, but she shut the door in their faces, refusing compliance." (*Id*.)

Brown alleges that he "has been in therapy and prescribed medication since June 2025 due to [the] emotional harm caused by Defendants' misconduct." (*Id*.)  He brings claims against Defendants under § 1983 for violating his due process and equal protection rights under the Fourteenth Amendment and under § 1985 for conspiracy to interfere with his civil rights.  (*Id*.)  He seeks money damages.[4]  (*Id*.)

---

[3] The public record reveals that Terry filed a petition for contempt of custody on September 2, 2025, and Brown filed a contempt petition on September 18, 2025.  *See Brown*, No. 0C1900424.  A custody hearing is scheduled for January 13, 2026, and a contempt of custody hearing is scheduled for January 21, 2026.  *Id.*

[4] Brown also seeks an injunction, "enjoining Defendants from further unlawful interference with Plaintiff's filings, property, liberty, or custody rights," and declaratory relief in the form of an order "declaring the September 15, 2025, bench warrant void *ab initio*" and declaring that his constitutional rights were violated.  (Doc. No. 2 at 2.)  But federal courts are prohibited from interfering with ongoing state court proceedings like the custody proceedings of which Brown complains.  *See Younger v. Harris*, 401 U.S. 37 (1971); *Mikhail*, 991 F. Supp. 2d at 612 (abstaining "from considering Mr. Mikhail's alleged custody- and divorce-based claims because those state proceedings are ongoing within the meaning of [the *Younger*] doctrine").  Accordingly, the Court denies Brown's request for an injunction.  Brown's request for declaratory relief likewise fails because declaratory relief is unavailable to adjudicate past conduct or to proclaim one party liable to another.  *See Corliss v. O' Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) ("Declaratory judgment is inappropriate solely to adjudicate past conduct," nor is it "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F.

II.     **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

The Court will grant Brown leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a prisoner is "unable to pay such fees or give security therefor").

III.    **SCREENING UNDER § 1915(E)**

Because the Court grants Brown leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state "a claim on which relief may be granted." *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

A.      **Legal Standard**

In analyzing a complaint under § 1915(e)(2)(B)(ii), we use the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). So, the Court must determine whether Brown's Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Conclusory allegations do not suffice. *Id.* However, because Brown is proceeding pro se, we liberally construe the allegations in his Complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

---

App'x 80, 83 (3d Cir. 2014) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). Accordingly, the Court denies Brown's request for declaratory judgment as well.

**B.     Analysis**

Brown brings claims under § 1983 for violation of his Fourteenth Amendment rights and under § 1985 for conspiracy to interfere with his civil rights. (Doc. No. 2 at 2.) The Court addresses each category of claims in turn.

**1.     Section 1983 Claims**

Brown asserts his federal constitutional claims pursuant to § 1983, the vehicle by which such claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

*a.     Claims Against the PFC and Official Capacity Claims*

Brown's claims against the PFC, a division of the Philadelphia Court of Common Pleas, and his official capacity claims against its employees, Defendants Judge Johnson and Supervisor Capone, are implausible and barred. First, the claims are implausible because states are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989). Second, the Eleventh Amendment bars damages suits in federal court against a state, its agencies, or its employees in their official capacities. *See, e.g., Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The PFC is a part of Pennsylvania's unified judicial system and shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005); *see also Parker v. Lehigh Cty. Domestic Relation Ct.*, 621 F. App'x 125, 128 (3d Cir. 2015) ("As [Eleventh Amendment] immunity extends to the component districts of Pennsylvania's unified judicial system, it shields the Family Court from . . . suit."). As the Commonwealth has not

4

waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. §§ 8521–22, the Commonwealth and its departments, as well as department officials sued in their official capacities, are immune from damages suits filed in federal court. Accordingly, Brown's § 1983 claims against the PFC and his official capacity claims against Judge Johnson and Supervisor Capone are dismissed with prejudice.

>    b.    *Claims Against Judge Johnson*

Brown's individual capacity claims against Judge Johnson also fail. Judges are entitled to absolute immunity from civil rights claims based on their acts or omissions taken within their judicial capacity, as long as they do not act in complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *see also Harvey v. Loftus*, 505 F. App' x 87, 90 (3d Cir. 2012). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991), or are taken as a result of a conspiracy with others, *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Likewise, "grave procedural errors," "conducting a proceeding in an informal and ex parte manner," or acting "unfair[ly] or controversial[ly]" will not defeat absolute judicial immunity. *Gallas*, 211 F.3d at 769 (citations and internal quotation marks omitted).

Brown's claims against Judge Johnson arise from judicial determinations made in the underlying child custody and PFC proceedings. Specifically, Brown alleges that Judge Johnson wrongfully issued a bench warrant and threatened Brown with incarceration without bail, and that Judge Johnson "acted in concert" with Capone and Attorney Glazer to "suppress his objections and filings." (Doc. No. 2 at 2.) At most, these allegations reflect Brown's view that

Judge Johnson's rulings were wrong, unfair, or even inappropriate, but they do not defeat absolute judicial immunity. *Gallas*, 211 F.3d at 769 (stating that a judge retains absolute immunity where acts are challenged as "unfair" or where "gross procedural errors" are made). The actions alleged by Brown were taken within Judge Johnson's judicial capacity as a neutral arbiter where he unquestionably could exercise jurisdiction as a Court of Common Pleas Judge. *See Figueroa v. Blackburn*, 208 F.3d 435, 443–44 (3d Cir. 2000) ("Generally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'") (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Accordingly, Brown's individual capacity § 1983 claims against Judge Johnson are barred by judicial immunity and will also be dismissed with prejudice. *See, e.g., Lee v. Gallina Mecca*, No. 22-2871, 2023 WL 5814783, at *4 (3d Cir. Sept. 8, 2023) ("But even accepting Lee's allegations as true, judicial acts that appear to be unfair, malicious, or *ex parte* are not stripped of their judicial immunity); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 660 (E.D. Pa. 2014) (concluding that the judges who presided over protection from abuse, custody, and divorce proceedings were entitled to immunity because acts were taken in judicial capacity and plaintiff did not show an absence of jurisdiction, and immunity applied despite allegations of bad faith and conspiracy), *aff'd*, 572 F. App 'x 68 (3d Cir. 2014).

      *c.*  *Claims Against Supervisor Capone*

Next, Brown brings individual capacity claims against Supervisor Capone, alleging that he altered Brown's "filings by scribbling over official court stamps, obstructing acceptance into the record." (Doc. No. 2 at 2.) Clerks of court and clerk's office employees enjoy absolute quasi-judicial immunity when performing duties required by statute or at the direction of judicial authority. *See e.g.*, *Harris v. Cashman*, No. 20-528, 2021 WL 602679, at *5 (W.D. Pa. Feb. 16, 2021) ("The doctrine of absolute quasi-judicial immunity has been applied to court support

6

personnel due to the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." (quoting *Stout v. Naus*, No. 09-0380, 2009 WL 1794989, at *3 (M.D. Pa. June 23, 2009))); *DeFerro v. Coco*, 719 F. Supp. 379, 381 (E.D. Pa. 1989) (holding that absolute immunity extends to court clerk because he was a "nonjudicial officials whose activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge"); *Mercedes v. Barrett*, 453 F.2d 391, 392 (3d Cir. 1971); *cf. Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969) ("In addition to the recognized immunity enjoyed by judicial and quasijudicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune from suit.").

Brown's only complaint against Supervisor Capone involves his role in the filing of court documents. Brown does not allege any facts showing that Capone was acting in a role other than his position as the PFC Clerk Supervisor, nor is there any cognizable due process violation from "scribblings" on court filings. He is entitled to absolute quasi-judicial immunity as this act is a function "closely associated with the judicial process." *Harris*, 2021 WL 602679, at *6; *see also Carroll v. Walk*, No. 23-2187, 2023 WL 4274987, at *4 (E.D. Pa. June 29, 2023).

Accordingly, Brown's individual capacity § 1983 claims against Supervisor Capone are also dismissed with prejudice.

### d. Claims Against Defendant Glazer

Brown also brings § 1983 claims against Attorney Glazer, the private attorney representing Terry in the child custody case. But private attorneys are not state actors. *See, e.g., Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (noting that "[a] privately retained attorney clearly does not act under color of state law, and . . . that 'no color of state law attache[s] to the functions of court-appointed counsel.'"); *Coulter v. Allegheny Cnty. Bar Ass'n*,

496 F. App'x 167, 169 (3d Cir. 2012) (none of the defendants named, including an attorney, his law firm, the Pennsylvania Bar Association, the Allegheny County Bar Association or its three individual members, were state actors for purposes of § 1983). Accordingly, the § 1983 claims against Attorney Glazer will be dismissed with prejudice.

> e. *Claims Against Terry*

That leaves Brown's constitutional claims against Terry. As with Attorney Glazer, these claims are also not plausible because Terry is not a state actor for purposes of § 1983. "Whether a defendant is acting under color of state law"—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). In assessing whether a private party's action constitutes state action the Court will consider: "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

None of those criteria is met here. Brown identifies Terry as the opposing party in the child custody case, and it appears she is the mother of the minor child at the heart of the underlying custody dispute. (*See* Doc. No. 2 at 1.) Brown claims that Terry "filed retaliatory reports after Family Court hearings, leading to false criminal charges and [Brown's] unlawful detention" and that Terry conspired with the other Defendants to violate his rights. (*Id*. at 2.) But Terry is a private individual, and accusations that she has alienated the child from Brown or that she has filed retaliatory reports during state custody proceedings do not render her a state

actor for purposes of § 1983.  *See Humphrey v. Pa. Ct. of Common Pleas of Phila.*, 462 F. Supp. 3d 532, 536 (E.D. Pa. 2020) (dismissing § 1983 claims brought by father against mother who gained custody of child); *see also Hepfl v. Boot*, No. 21-0064, 2021 WL 1701801, at *2 (W.D. Pa. Apr. 8, 2021), *report and recommendation adopted*, 2021 WL 1700043 (W.D. Pa. Apr. 29, 2021) (dismissing pro se plaintiff's § 1983 claims against his ex-girlfriend, who was also the mother of his child, on the basis that she was a private individual and not a state actor).

Accordingly, Brown's § 1983 claims against Terry are also dismissed with prejudice.

### 2. Section 1985 Claims

That leaves Brown's claims against the individual Defendants for conspiracy to interfere with his civil rights under § 1985.  (*See* Doc. No. 2 at 2.)  As with Brown's § 1983 claims, Judge Johnson and Supervisor Capone are immune from suit on Brown's § 1985 claims.  *See Gochin v. Haaz*, 724 F. App'x 155, 158 (3d Cir. 2018) (finding state court judges had absolute judicial immunity from § 1985 claim); *Laniado v. County of Ocean*, 2019 WL 3451705, at *5 n.2 (D.N.J. July 31, 2019) ("If an official is immune from suit under § 1983, that official also is immunized from suit under § 1985(3).").  And the conspiracy claims against Attorney Glazer and Terry fail because they are private persons, and as against private conspirators, the Supreme Court has "recognized only two rights protected by § 1985(3): the right to be free from involuntary servitude and the right to interstate travel."  *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001); *accord Park v. Tsiavos*, 679 F. App'x 120, 124 (3d Cir. 2017).  Neither right is implicated here.[5]

---

[5] Even if Brown's § 1985(3) claims were properly brought against the individual Defendants, he has failed to state such a claim here.  To state a plausible claim under § 1985(3), a plaintiff must allege the following elements:  (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.  *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.

9

Accordingly, Brown's claims under § 1985 also fail and are dismissed with prejudice.

IV.  **CONCLUSION**

For the foregoing reasons, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss the Complaint under 28 U.S.C. § 1915(e)(2)(B).  Because the deficiencies identified in this Memorandum cannot be cured by amendment, dismissal is with prejudice and without leave to amend.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows.

---

1997).  Brown does not allege any facts about racial or class-based discrimination, and instead, makes only a "bare assertion of conspiracy," which does not suffice to state a claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Although Brown alleges that Judge Johnson was "acting in concert" with Supervisor Capone and Attorney Glazer to "suppress [Brown] objections and filings" (Doc. No. 2 at 2), "[a] conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged), or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions," *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480–81 (10th Cir. 1990)).  Brown does not allege any such agreement.